## City of Lebanon v. Brents.

(Decided February 28, 1928.)

## Appeal from Marion Circuit Court.

1.  Eminent Domain.—Where suit to recover damages from city by reason of lowering of grade of street next to plaintiff's property was one for taking property under Constitution, sec. 242, it was not necessary to allege negligence.
2.  Eminent Domain.—Where petition in suit to recover damages by reason of lowering of grade of street next to plaintiff's garage was for permanent taking of property under Constitution, sec. 242, court did not err in overruling defendant's motion to require plaintiff to elect whether he was seeking to recover for permanent injury to his property or for temporary injury.
3.  Eminent Domain.—In action for damages for lowering grade of street next to plaintiff's garage, in which petition alleged that city had maintained street for many years at fixed grade, and this allegation was not denied, instruction requiring jury to find for city, if it should believe that work was original construction, and that no grade had theretofore been established, held properly refused.
4.  Eminent Domain.—In action for damages for lowering grade of street next to plaintiff's garage, difference in value of property before construction of street and after construction of street was question for jury to determine.
5.  Eminent Domain.—Verdict of $750 for damages for lowering grade of street next to plaintiff's garage held not excessive.

H. S. McELROY for appellant.

C. C. BOLDRICK and W. H. SPRAGENS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The city of Lebanon reconstructed Main street in said city, and in doing so lowered the grade of the street next the garage of appellee. Appellee instituted suit to recover damages by reason of the lowering of the grade. The trial resulted in a verdict in favor of appellee for $750.

It is insisted by counsel for the city that a demurrer should have been sustained because the petition did not allege negligent construction. The suit was one for the taking of property under section 242 of the Constitution, and it was not necessary to allege negligence. It is also insisted that the court erred in not requiring appellee to elect whether he was seeking to recover for a permanent injury to his property or a temporary injury. The petition was for a permanent taking of the property, and the court did not err in overruling the motion. It is insisted that the court erred in failing to give an instruction offered by the city which required the jury to find for the city, if it should believe from the evidence that the work was original construction, and that no grade had theretofore been established. The petition alleged that the city had maintained the street for many years at a fixed grade, and this allegation was not denied. The court did not err in refusing this instruction. It is also insisted that the verdict is excessive. It is true the verdict is large, as we view it, and the evidence was not very satisfactory as to the difference in the value of the property just before the construction of the street and just after the construction of the street, but it was a question for the jury to determine, and there was evidence from which the jury might reach the conclusion that the difference in value was as much as $750.

The instructions given by the court were not complained of in the motion and grounds for a new trial.

We deem it unnecessary to enter into a discussion of the question of law controlling in cases of this nature. This court has recently, in the case of Board of Councilmen of the City of Frankfort v. Brammell, 220 Ky. 132, 294 S. W. 1076, reviewed all the cases where similar questions were involved. Measuring this case by the law as determined in that case, we find no prejudicial error to the rights of the city.

Judgment affirmed.